# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-81445-BLOOM/Reinhart

NEELU AVIATION, LLC,

      Plaintiff,

v.

BOCA AIRCRAFT MAINTENANCE, LLC, *et al.*,

      Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon Defendant Advent Aircraft's ("Defendant Advent") Motion for Relief from Prior Order or, Alternatively, to Dismiss for Lack of Personal Jurisdiction, ECF No. [112] (the "Motion"). The Court has carefully reviewed the Motion, Plaintiff's Opposition. ECF No. [121], the record and the applicable law, and is otherwise fully advised.

### I. BACKGROUND

On April 16, 2019, Plaintiff Neelu Aviation, LLC filed its Amended Complaint against Defendants Boca Aircraft Maintenance, LLC, Skurka Aerospace, Inc., Advent Aircraft Systems, Inc., and One Aviation Corp. ECF No. [63] ("Complaint"). On June 20, 2019, Defendant Advent filed its Answer to the Complaint, ECF No. [89] ("Answer"). In the Answer, Defendant Advent denied the allegation that the Amended Complaint properly conferred jurisdiction upon this Court. ECF No. [89], at ¶ 1. Defendant Advent also asserted that the Court did not have personal jurisdiction over it as its Fifth Affirmative Defense. *Id.* at ¶ 74. On August 9, 2019, Defendant Advent filed a Motion to Dismiss the Complaint for Lack of Personal Jurisdiction, ECF No. [109]

(the "Motion to Dismiss"). On that same day, the Court struck the Defendant's Motion to Dismiss as an improper filing. ECF No. [110] ("Order").

Defendant now seeks relief from the Court's Order, or alternatively moves to dismiss this action for lack of personal jurisdiction. ECF No. [112].

## II. LEGAL STANDARD

Pursuant to Rule 60, the Court may grant relief from a judgment or order based upon "mistake, inadvertence, surprise, or excusable neglect; . . . or any other reason that justifies relief." See Fed. R. Civ. P. 60(b)(1), (6). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). On the other hand, "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted). Relief under Rule 60(b)(6) applies only to cases that do not fall into any other category under the rule. *United States v. Route 1, Box 111, Firetower Rd.*, 920 F.2d 788, 791 (11th Cir. 1991). Whether to grant relief pursuant to Rule 60(b) is a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

## III. DISCUSSION

In its Motion, the Defendant argues that the Court should set aside its Order and reconsider its Motion to Dismiss because other courts in this Circuit have permitted the filing of similarly

postured motions. ECF No. [112], at 5-7. Alternatively, Defendant Advent moves under Federal Rule of Civil Procedure 12(c) and/or 12(i) for dismissal of this action as a matter of law because the Complaint fails to establish the Court's personal jurisdiction over it. *Id.* at 9-10.

Upon being served with the Complaint, Defendant Advent was afforded the opportunity to determine how it would respond to the Plaintiff's allegations. Here, Defendant Advent elected to file the Answer prior to filing its Motion to Dismiss. Rule 12(b) of the Federal Rules of Civil Procedure provides in relevant part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) failure to state a claim upon which relief can be granted; and
> (7) failure to join a party under Rule 19.
> **A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed**.

Fed. R. Civ. P. 12(b) (emphasis added). Thus, under the unambiguous language of Rule 12(b), a motion to dismiss based on the defenses listed in Rule 12(b) must be made before an answer is filed. *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002). "Once the defendant[] filed [its] answer, it became procedurally impossible for the Court to rule on the motion to dismiss." *Brisk v. City of Miami Beach, Fla.*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989).

The Court recognizes that in its Motion, Defendant Advent has cited to decisions by other courts in this district that have permitted the filing of a "motion to dismiss" after the filing of an answer. ECF No. [112], at 6. None of the cases cited, however, are binding on this Court. Critically, the Eleventh Circuit Court of Appeals has explicitly held that

> pleadings must conform to the Federal Rules of Civil Procedure . . . because a responsive pleading—an answer—had been filed, under the plain language of Rule 12(b), a motion to dismiss [is] inappropriate. Rule 12(b) provides that all defenses must be asserted either (1) in a responsive pleading, or (2) by motion under Rule 12(b) before interposing a responsive pleading if one is due.

*Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002); *see also Leonard*, 279 F.3d at 971 n.6 ("After answering the complaint, the defendants filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims. Under Rule 12(b), these motions were a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief. As Rule 12(b) states, "[a] motion making [the defense of failure to state a claim for which relief can be granted] shall be made before pleading if a further pleading [e.g., an answer to the complaint] is permitted.").

Here, as set forth in Federal Rule of Civil Procedure 12, if Defendant Advent desired to file a motion to dismiss pursuant to Rule 12(b) it was required to do so before it filed its Answer. Thus, as the Court expressed in its Order, Defendant Advent's Motion to Dismiss was procedurally improper. Thus, Defendant Advent's defense that the Court lacks personal jurisdiction over it has not been waived as it was asserted as an affirmative defense. However, because an answer was first filed by the Defendant, it forfeited its opportunity to argue for dismissal through the procedural mechanism of a motion to dismiss.

Alternatively, Defendant Advent requests that the Court reclassify its Motion to Dismiss as a motion for judgment on the pleadings. It argues that its initial Motion to Dismiss, ECF No. [109], "set[s] forth the necessary basis for dismissal under either Rule 12(b)(2), 12(c), or 12(i)." ECF No. [112], at 10. After a review of the Motion to Dismiss, the Court disagrees that it sufficiently presented argument for dismissal on these bases. To the extent the Defendant seeks to properly file a motion still available to it, which raises its personal jurisdiction defense, such as a

motion for judgment on the pleadings or a motion for summary judgment, it is free to do so. The Motion to Dismiss that was filed, however, is insufficient to serve this purpose. While the distinction may appear to the Defendant to be a mere technicality, it is not. The Federal Rules of Civil Procedure are the primary tool with which the Court and the parties can effectively and predictably labor within the civil justice system and manage the litigation process.

Accordingly, the Court does not find the relief sought in Defendant's Motion is warranted and it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [112]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 12, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record