# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 18-cv-81445 -BLOOM/Reinhart

NEELU AVIATION, LLC,

      Plaintiff,

v.

BOCA AIRCRAFT
MAINTENANCE, LLC, *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Boca Aircraft Maintenance, LLC's Motion for Partial Summary Judgment, ECF No. [127] ("Motion"). The Court has reviewed the Motion, all supporting and opposing submissions, the record and applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## I.   BACKGROUND

The facts giving rise to the instant action stem from a dispute regarding the services performed by Boca Aircraft Maintenance, LLC ("Defendant Boca") to an Eclipse Aviation EA500 aircraft (the "Aircraft") that was registered to Plaintiff Neelu Aviation, LLC ("Plaintiff Neelu"). The facts relevant to the instant Motion are as follows:

Defendant Boca is an aircraft repair station duly certified by the Federal Aviation Administration. *See* ECF No. [127], at ¶¶ 2-3; *see also* ECF No. [128], at ¶ 2. Plaintiff Neelu has taken its Aircraft to Defendant Boca for inspection, repair, and maintenance since 2015. ECF No. [127], at ¶ 2; *see also* ECF No. [128], at ¶ 2. On June 26, 2018, Plaintiff Neelu presented the Aircraft to Defendant Boca's facility for a routine inspection. ECF No. [127], at ¶ 3; *see also* ECF

No. [128], at ¶ 3. Following a 300-hour inspection of the Aircraft, the Aircraft's generators failed, and upon return of the Aircraft back to the Defendant's facility, it sustained damages. ECF No. [127], at ¶ 4; *see also* ECF No. [128], at ¶ 4 (Plaintiff neither adopts nor "quibbles" over this characterization).

Plaintiff Neelu previously provided Defendant Boca authorization to charge its credit card. ECF No. [127], at ¶ 5. On August 1, 2018, Defendant Boca claims it emailed Plaintiff Neelu asking if they would like to proceed with charging the Plaintiff's credit card for payment for services done to the Aircraft, to which Plaintiff then responded, "Not until I get my plane back!!!!!!" ECF No. [127], at ¶ 6; *see also* [127-5] (the "August 2018 Email"). On August 31, 2018, Defendant Boca returned the Aircraft to the Plaintiff. ECF No. [127], at ¶ 7; *see also* ECF No. [128], at ¶ 7. Once the Aircraft was returned, on January 25, 2019, Defendant Boca claims it used the "pre-approved credit card authorization" to charge Plaintiff's credit card. ECF No. [127], at ¶ 8.

Plaintiff does not dispute that it previously granted Defendant Boca authorization to charge its credit card. However, Plaintiff contends that authorization was not given related to the charge that forms the basis of its FDUTPA claim. *See* ECF No. [128], at ¶ 5. Plaintiff supports this rendition of the facts through the sworn affidavit of its founder and managing member, Harmeet Chawla (the "Chawla Declaration"). *See* Chawla Decl., ECF No. [128-1]. Plaintiff also claims that the Defendant never expressly disclosed its intent to initiate the charge on Plaintiff's credit card when it occurred. ECF No. [128], at ¶ 5; *see also* Chawla Decl., ECF No. [128-1] ("Defendant [never] expressly disclosed its intent to initiate the Fraudulent Charge.") Further, Plaintiff denies the authenticity of the credit card authorization form attached to the Defendant's Motion, ECF No. [127-3] (the "Credit Card Authorization"), claiming instead that the form has been altered. ECF No. [128], at ¶ 5; *see also* Chawla Decl., ECF No. [128-1], at ¶ 5 ("The document attached as

Exhibit 'C' . . . was not signed by me nor authorized by me, in fact it is clear on the face of the document that it has been altered or otherwise modified."). Plaintiff also denies that Harmeet Chawla acknowledged anything in the email exchanged that is referenced in paragraph 6 of the Motion and "otherwise reserves further comment at this time."  ECF No. [128], at ¶ 6.

## II.   LEGAL STANDARD

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48).  The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.  Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586,

106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

In resolving issues presented under Fed. R. Civ. P. 56, "the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied." *Carlin Commc'n, Inc. v. Southern Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986); *see also Aurich v. Sanchez*, 2011 WL 5838233, at *1 (S.D. Fla. Nov. 21, 2011) ("If a reasonable factfinder could draw more than one inference from the facts, and that inference creates an issue of material fact, then the court must not grant summary judgment." (citing *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir. 1993))).

## III.   DISCUSSION[1]

In its Motion, the Defendant seeks summary judgment on Plaintiff's FDUTPA claim solely on the basis that Plaintiff has failed to show a deceptive or unfair practice committed by the Defendant. ECF No. [127], at 5. The Amended Complaint alleges that Defendant Boca "charged Plaintiff Neelu for alleged work performed without Plaintiff's consent." ECF No. [63], at ¶ 35. Defendant, however, argues that the undisputed record evidence demonstrates that Defendant Boca

---

[1] The Court notes that both parties have failed to file a statement of facts as required by Southern District of Florida Local Rule 56.1. Such noncompliance, by itself, is a sufficient basis to deny the instant Motion.

charged the credit card "in a manner that was consistent with the parties' business practices over their relationship."   ECF No. [127], at 6. Defendant further contends that the record reflects that it asked Plaintiff for permission to charge the credit card, to which the Plaintiff responded, "Not until I get my plane back!!!!!!" *Id*. Only once the Aircraft was returned, did the Defendant initiate the charge to Plaintiff's credit card. *Id*. Defendant, therefore, seems to argue that upon the completion of Plaintiff's condition precedent—the return of the Aircraft—it was authorized to charge the credit card and acted accordingly.

In Plaintiff's response in opposition, Plaintiff disputes that it gave Defendant permission to charge its credit card in January of 2019. Specifically, Plaintiff argues that the Credit Card Authorization attached to the Defendant's Motion has been altered. ECF No. [128], at 3-4. In support of this assertion, Plaintiff has attached the Chawla Declaration to its Opposition to the Motion. *See* ECF No. [128-1]. In the Chawla Declaration, Chawla attests that the Credit Card Authorization was "not signed by [him], nor authorized by [him]." *Id*. at ¶ 5. He further states that it is "clear on the face of the document that it has been altered or otherwise modified . . ." as the "top of the page of the document shows a date of 1/17/18, yet the date that appears near the unknown signature was modified or altered to add a '1' to change the date from "1/17/18" to '11/17/18.'" *Id*.

Here, the core of Defendant Boca's Motion is that Plaintiff's FDUTPA claim fails because Plaintiff has failed to establish a necessary element of its claim. Specifically, Plaintiff Neelu has failed to establish that Defendant Boca committed a deceptive or unfair practice since the record evidences that it had authorization to charge the credit card. In support of its argument, Defendant Boca proffers the Credit Card Authorization and the August 2018 Email. *See* ECF No. [127-3]; *see also* ECF No. [127-5]. In its Opposition, however, Plaintiff Neelu directly disputes, through

affidavit, that it gave Defendant Boca authorization to charge its credit card and calls into question the Credit Card Authorization's authenticity. Plaintiff further argues that the amount charged was greater than the amount Defendant Boca claimed was owed in its Counterclaim.[2] As such, the credit card charge would still qualify as a deceptive or unfair practice. ECF No. [128], at 6-7.

In its Reply, Defendant Boca argues that the authenticity of the Credit Card Authorization is not in question, as the form was attached to an email sent by an employee of the Plaintiff Neelu to Defendant Boca. ECF No. [129], at 2. In support, Defendant Boca attaches the email itself and the Affidavit of Margarita Natera ("Natera Declaration"), which affirms that the email was sent to her by one of Plaintiff's representatives. ECF No. [129-1]. This email, however, was sent in December of 2017. *See generally id.*

In reviewing the parties' arguments and the support provided, it is apparent there is exists a material factual issue in dispute regarding whether Defendant Boca was given Plaintiff Neelu's authorization to charge the Plaintiff's credit card in January of 2019. Resolving this issue would require the Court to make credibility determinations between the conflicting sworn testimony and would require the Court to weigh the evidence submitted by the parties. Such is a task not appropriate for the Court at this stage, as it cannot weigh conflicting evidence. *See Skop*, 485 F.3d at 1140 (quoting *Carlin Comm'n, Inc.*, 802 F.2d at 1356). Thus, there is a genuine issue of fact in dispute regarding whether or not Defendant Boca had authorization to charge Plaintiff Neelu's credit card in January of 2019. Accordingly, the Court finds that the Defendant is not entitled to summary judgment.

---

[2] Since the filing of the instant Motion, Defendant Boca has also moved to voluntarily dismiss its Counterclaim, ECF No. [26]. *See generally* ECF No. [131].

## IV.    CONCLUSION

Accordingly,  it  is  **ORDERED  AND  ADJUDGED**  that  Defendant  Boca  Aircraft

Maintenance, LLC's Motion  for Partial Summary Judgment,  **ECF No. [127]**, is **DENIED**.

**DONE AND ORDERED** in  Chambers, at Miami,  Florida,  on December 9, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies  to:

Counsel of Record