UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81445-BLOOM/Reinhart

NEELU AVIATION, LLC,

    Plaintiff,

v.

BOCA AIRCRAFT
MAINTENANCE, LLC, *et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Defendant Boca Aircraft Maintenance, LLC's ("Defendant Boca") Motion for Leave to Voluntarily Dismiss Its Counterclaim Without Prejudice, ECF No. [131] ("Motion"). The Court has reviewed the Motion, all supporting and opposing submissions, the record and applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

In the Motion, Defendant Boca seeks the dismissal of its single counterclaim for open account (the "Counterclaim"), which was filed on January 6, 2019. *See generally* ECF No. [131]. The sole exhibit attached to the Counterclaim is the contract allegedly entered into by both parties. ECF No. [26-1] (the "Contract"). The Contract contains an attorney's fees provision, which requires the payment of attorney's fees and costs in the event a party is required to take any action to enforce the agreement between the parties.[1] *Id.* at 26.

---

[1] The Court notes that the attorney's fee provision in the Contract is one-sided, in that it is worded to permit Defendant Boca to recover its attorney's fees and costs in the event and action is filed. However, even where a contract is "one-sided," by operation of law, section 57.105(7) bestows on the other party to the contract the same entitlement to prevailing party fees. *See Fla. Cmty. Bank, N.A. v. Red Rd. Residential, LLC*, 197 So. 3d 1112, 1115 (Fla. 3d DCA 2016) ("[N]otwithstanding that the contractual fee provision is

Defendant Boca contends that at the time the Counterclaim was filed, substantial monies were owed to it by the Plaintiff. ECF No. [131], at 1. Thus, upon being served with the Complaint in this instant action, and because the claims in the Complaint arose from the same transaction and occurrence, Defendant Boca was left "no choice" but to assert its compulsory Counterclaim. *Id.* Subsequent to the Counterclaim's filing, however, payment for the outstanding services rendered by Defendant Boca were received via the Plaintiff's credit card. *Id.* at 2. Plaintiff allegedly informed Defendant Boca that it was in the process of disputing the charges made to its credit card. *Id.* Defendant Boca argues that, to date, no dispute as to the charges have been made, and it now seeks to dismiss the Counterclaim. *Id.* Accordingly, Defendant Boca requests that the dismissal be without prejudice, in the event Plaintiff disputes the charges. *Id.* at 2-3.

Plaintiff Neelu Aviation, LLC ("Plaintiff") does not object to the dismissal but argues that such dismissal should be *with* prejudice and that Defendant Boca should have to pay the Plaintiff's attorneys' fees associated with its defense to the Counterclaim, since the dispute arose out of the Contract and is therefore governed by Fla. Stat. § 57.105(7). ECF No. [132], at 4. Plaintiff also seeks Rule 11 sanctions for filing what it contends is a frivolous Counterclaim. *Id.* at 2.

Under Rule 41(a)(2), a party, with court approval, may dismiss an action voluntarily and without prejudice to be refiled in the future. *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986). The rule allows a court to grant a request for voluntary dismissal "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) is designed to prevent voluntary dismissals that unfairly affect the other side by allowing for curative conditions. *McCants*, 781 F.2d at 856. "Thus a district court considering a motion for dismissal without prejudice should

---

one-sided, entitling only one of the contract's parties to prevailing party fees, by operation of law section 57.105(7) bestows on the other party to the contract the same entitlement to prevailing party fees. § 57.105(7), Fla. Stat. (2012).").

bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *Id.* at 856-57 (*citing LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). Generally, a dismissal should be granted unless the court finds that the defendant will suffer some legal prejudice beyond the possibility of another lawsuit. *Id.* at 857. "[T]he district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as deemed appropriate." *Id.*

Importantly, a court will not allow a litigant to voluntarily dismiss an action without prejudice pursuant to Rule 41(a)(2) once [a party] has expended considerable sums preparing for trial "except on condition that the plaintiff reimburse the [party] for at least some portion of his expenses of litigation." *Id.* at 860. The reimbursement of a party's litigation-related expenses includes reasonable attorney's fees. *Id.*

Here, as it relates to the issue of the dismissal, the Court agrees that a dismissal without prejudice is appropriate. "[I]n most cases a dismissal should be granted unless the [party] will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986). The Court first notes the obvious—that the dismissal of the Counterclaim, will not end the instant action. Plaintiff's claims against the Defendants remain pending, and this action appears to be proceeding to trial regardless of the dismissal of the Counterclaim. Thus, any time which has been spent preparing for trial has not been spent in vain. In its Opposition, Plaintiff states in somewhat conclusory fashion, that it with suffer legal prejudice if the Court dismisses this action without prejudice unless the Court conditions such dismissal on Plaintiff recovering its attorneys' fees. ECF No. [132], at 3-4. Beyond stating that it is entitled to its attorneys' fees, Plaintiff's Opposition is silent as to what *legal*

3

prejudice it will suffer. Absent clear legal prejudice, and in exercising its "broad discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case," the Court does not find a dismissal with prejudice warranted. *McCants*, 781 F.2d at 857. Accordingly, Defendant Boca's Counterclaim is dismissed without prejudice.

The Court next turns to the issue of whether the Plaintiff is the "prevailing party" as it relates to the Counterclaim and is thus entitled to recover its attorneys' fees related to the litigation surrounding the Counterclaim. Generally, when a plaintiff voluntarily dismisses an action, the defendant is deemed the prevailing party for purposes of attorney's fees. *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990); *Alhambra Homeowners Assoc. v. Asad*, 943 So. 2d 316, 319–21 (Fla. 4th DCA 2006) (analyzing *Thornber* and its progeny in support of the general rule that a voluntary dismissal by plaintiff conveys prevailing party status on defendants); *Shave v. Stanford Fin. Group*, 2008 WL 3200705, * 1 (S.D. Fla. 2008) (relying on Florida's general rule to award attorney's fees to defendants after plaintiff's voluntary dismissal). Florida courts have consistently followed *Thornber,* saying that it is the "general rule" and it applies to both "statutory or contractual provisions awarding attorney's fees to the 'prevailing party' in litigation." *Alhambra Homeowners Ass'n, Inc.,* 943 So. 2d at 318; *see also Prescott v. Anthony,* 803 So.2d 835, 836–37 (Fla. 2d DCA 2001).

The Court recognizes that Defendant Boca premises the instant Motion on the basis that the outstanding amount it claimed it was owed by the Plaintiff has since been satisfied by the charging of the Plaintiff's credit card through the use of the credit card authorization form. ECF No. [131], at 2. Therefore, it appears that Defendant Boca is arguing that its Counterclaim has since been rendered moot since it initially filed it. However, Defendant Boca filed the Counterclaim on January 6, 2019. *See* ECF No. [131]. Nineteen days later, on January 25, 2019,

Defendant Boca initiated the credit card charge. *See* Defendant Boca's Partial Mot. for Summ. J., ECF No. [127], at ¶ 8. Defendant Boca then waited <u>*approximately ten months*</u> before it filed the instant Motion seeking the dismissal of the Counterclaim. ECF No. [131]. Therefore, the Counterclaim, and the litigation surrounding it, was pending for almost a year before the Defendant sought its dismissal.

While the Court acknowledges that the instant dismissal is without prejudice and is sought on a voluntary basis, the *Thornber* rule applies even if the dismissal is without prejudice (*see Alhambra,* 943 So. 2d at 318) and "despite the fact the case has not been resolved on the merits." *Ajax Paving Indus., Inc. v. Hardaway Co.,* 824 So. 2d 1026, 1029 (Fla. 2d DCA 2002). After a review of the controlling authority, the Contract and the record in this matter, the Court agrees that Plaintiff is the prevailing party solely as it relates to the Counterclaim.

This Order serves only to award the Plaintiff its reasonable attorneys' fees and costs as they relate to Plaintiff's defense of the Counterclaim. Further, given the present posture of this case, the Court will defer its ruling as to an award of attorneys' fees at this time, as it is premature at this juncture. Should the Plaintiff prevail in this action on the remaining claims, the award of attorneys' fees may be greater at the end of this litigation. Conversely, should Defendant Boca prevail on the remaining claims pending, any award of attorneys' fees to the Plaintiff would be offset by any award to Defendant Boca at a later date. The Court will be in the best position to determine an award regarding the attorneys' fees upon the complete resolution of the instant action.

Lastly, as for Plaintiff's request for Rule 11 sanctions, the Court disagrees that such sanctions are appropriate. While the Defendant did wait an extended period of time before seeking dismissal of its Counterclaim, such Counterclaim was not frivolous at the time it was filed,

considering that the amount Defendant Boca alleged it was owed had remained outstanding. Therefore, the Court declines to grant Plaintiff's request for Rule 11 sanctions.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Boca Aircraft Maintenance, LLC's Motion, **ECF No. [131]**, is **GRANTED**.

2. Defendant Boca Aircraft Maintenance, LLC's Counterclaim, **ECF No. [26]**, is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff is entitled to recover its attorneys' fees and costs solely as they relate to its defense of the Counterclaim, and Plaintiff shall file proof of such costs **no later than January 31, 2020**.

4. The Court will **DEFER** its ruling as to an assessment of attorneys' fees incurred as they relate to the Counterclaim until the complete resolution of the instant action.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on December 26, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record