IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

NEELU AVIATION, LLC,   GENERAL JURISDICTION DIVISION
    Plaintiff,   CASE NO.: 9:18-cv-81445-BB
vs.

BOCA AIRCRAFT MAINTENANCE, LLC,

    Defendant.
_____/

## NEELU AVIATION, LLC'S *EXPEDITED* MOTION TO EXTEND DEADLINES

Plaintiff/Counter-Defendant, NEELU AVIATION, LLC (hereinafter NEELU), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure, hereby moves this Court to extend the deadlines previously set forth on this matter, and states as follows:

1. On May 23, 2019, this Honorable Court issued an amended scheduling Order [D.E.77], which amended the Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge.

2. This motion is being filed as "Expedited" as there is currently a deadline of January 28, 2020, to disclose rebuttal experts and respectfully requests a ruling on this matter by January 27, 2020 to allow one day to provide rebuttal experts if necessary.

3. This Honorable Court set forth the following deadlines in the table below:

| Original Date | Deadline of: |
|---|---|
| **January 14, 2020** | Parties disclose experts and exchange expert witness summaries or reports. |
| **January 28, 2020** | Parties exchange rebuttal expert witness summaries or reports. |
| **February 11, 2020** | All discovery, including expert discovery, is completed. |
| **March 4, 2020** | All pre-trial motions, motions *in limine*, and *Daubert* motions (which include motions to strike experts) are filed. **This deadline includes all dispositive motions.** |

4. On January 10, 2020, the parties attended a Status Conference and in open Court the parties agreed to a five-week extension of time to the deadlines in the table above.

5. Pursuant to the agreement entered in open Court, the undersigned relied on the agreement, and as the undersigned was out of the United States for half of the week of January 13th, the Plaintiff did not submit additional expert disclosures.

6. Additionally, based on the current deadlines, the Plaintiff will have until January 28, 2020, to disclose rebuttal experts.

7. Moreover, the deadline to conduct all discovery, including expert witness depositions is February 11, 2020.

8. However, the Defendant did not provide ANY dates of availability for their experts until after February 23, 2020.  This is likely more gamesmanship on the part of Boca's counsel[1] which has engaged in behavior contrary to the rules of professionalism throughout the litigation in this case.  Specifically, it refuses to allow for the deposition of its witnesses to take place prior to the deposition of the Plaintiff's expert witness whom is now not available until the week of February 17, 2020.  Moreover, while requesting an extension in open Court and after an agreement to extend the deadlines was entered, Boca's counsel unilaterally retracted the agreement without notice.

9. While the Plaintiff provided dates for the deposition of its expert to occur prior to the expiration of the discovery deadline, Boca's counsel initially advised they were not available on the dates provided by Boca for the deposition. However, after the expert filled his schedule based on being advised counsel for Boca was not available on the

---

[1] See Order Denying Motion To Compel [DE 139] (reminding the "parties of their continuing obligation of civility to one another as members of the Florida Bar.")

2

dates Boca proposed, the first availability for the expert witness is now February 17, 2020.

10. Accordingly, the Plaintiff requests an extension of five weeks to the deadlines in the table above pursuant to the parties' agreement.

## MEMORANDUM OF LAW

11. While Boca now objects to the relief sought herein, on January 10, 2020, in open Court, counsel for Boca requested and the parties' agreed that a five week extension to the deadlines in the table above should be sufficient to complete outstanding discovery and make all necessary motions. The parties initially agreed that such an extension may be granted without affecting the trial calendar.

12. This Court is vested with broad discretion to grant the relief requested. *See, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them."); *see also Danger v. Wachovia Corp.*, No. 10-61818, 2011 WL 1743763, at *4 (S.D. Fla. May 6, 2011) (courts "possess[] broad discretion to determine how best to manage a case, including discovery and scheduling matters" and granting extension of time); *Johnson v. Board of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001) (explaining that district courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling.").

13. The Court may modify its Case Management and Scheduling Order only "for good cause and with the judge's consent" under Rule 16 of the Federal Rules of Civil Procedure. *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2003). The good cause standard required to modify a scheduling order precludes modification unless the

schedule "cannot be met despite the diligence of the party seeking the extension." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 673 (S.D. Fla. 2012), *quoting Sosa v. Airprint Sys. Inc.*, 133 F. 3d 1417-18 (11th Cir. 1998). "Diligence is the key to satisfying the good cause requirement." *Id*.

14. The Plaintiff's motion for extension of the deadlines set in the Scheduling Order should be granted. This is not a case where lack of diligence is present—the Plaintiff has diligently pursued the case and the issues that have currently come up regarding the scheduling of the Plaintiff's expert witness was not caused by the Plaintiff and is due to the schedule of the expert whom lives in Colorado. Based on the calendar for the plaintiff's expert, solely out of spite, the Defendant has not provided dates for Defendant's experts until after the Plaintiff's expert has been deposed. And waited until after the deadline to disclose experts to unilaterally withdraw the agreement to extend the deadlines as agreed to in open Court.

15. Accordingly, good cause exists at this point for a five-week extension to the deadlines,

WHEREFORE, Plaintiff respectfully request that this Court extend the pretrial deadlines for five weeks.

## CERTIFICATE OF CONFERRAL

Undersigned has contacted Defendant/Counter-Plaintiff's Counsel's Griffin/Serrano's office whom objects to the relief sought herein.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 20th day of January, 2020, using the Court's CM/ECF filing system which will send notice of the same to all counsel listed on the attached Service List.

Respectfully submitted,

**CORONA LAW FIRM, P.A.**
3899 NW Seventh Street, Second Floor
Miami, Florida 33126
Telephone: (305) 547-1234
Facsimile: (305) 266-1151
Email: ricky@coronapa.com
2nd Email: civil@coronapa.com

By: _/s/ Ricardo Corona_____
Ricardo M. Corona, Esquire
FBN: 107684
Ricardo R. Corona, Esquire
FBN: 111333

## SERVICE LIST

Juan Serrano, Esquire
Andres Millon, Esquire
GRIFFIN & SERRANO, P.A.
*Counsel for Defendant Boca Aircraft Maintenance*
707 Southeast Third Avenue, Sixth Floor
Fort Lauderdale, Florida 33316
Emails: jserrano@griffinserrano.com
amillon@griffinserrano.com

Phillip L. Valente, Jr.
*Co-counsel for Defendant Boca Aircraft Maintenance*
VALENTE LAW FIRM
1806 Old Okechobee Road
West Palm Beach, Florida 33409
Emails: phil@valentepa.com
brooke@valentepa.com